UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>        Plaintiff,<br><br>    v.<br><br>GURKIRPAL SINGH, et al.,<br><br>        Defendants. | Case No. 24-cv-02009-DMR<br><br>**ORDER DISMISSING AMENDED COMPLAINT** |

      Self-represented Plaintiff Gurpreet Singh filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 3.] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). [Docket Nos. 7, 13, 14.] On August 16, 2024, the court issued an order granting the IFP application and screening the complaint pursuant to 28 U.S.C. § 1915(e). [Docket No. 17 (Order).] The court granted Plaintiff leave to file an amended complaint addressing the deficiencies identified in the screening order by September 6, 2024. *Id.* Plaintiff filed an amended complaint. [Docket No. 18 (FAC).]

      As the court explained in its prior order, federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A district court has diversity jurisdiction

where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id.* A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff argues that the court may exercise federal question jurisdiction because his case "involves a federal question related to civil rights violations."[1] FAC ¶ 3. Plaintiff alleges that Defendants Gurkirpal Singh and Kulwant Kaur engaged in a "deliberate and coordinated campaign to defame, harass, and isolate Plaintiff Gurpreet Singh within the Sikh community, as well as among his friends and relatives." *Id.* at ¶ 5. Specifically, Plaintiff alleges that Defendants made defamatory statements about him, obstructed his efforts to improve his immigration status, misappropriated his social media content, and subjected him to "an extensive network of surveillance and harassment orchestrated by the defendants, involving individuals within the Indian and Mexican communities." *Id.* at ¶¶ 6-9. Plaintiff brings his claims under several federal statutes: 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 2000a (Title II of the Civil Rights Act of 1964), 18 U.S.C. § 2511 (Wiretap Act), and 18 U.S.C. § 1343. *Id.* at ¶¶ 22-32.

Plaintiff has not pleaded federal question jurisdiction on the face of the complaint. *See Rivet*, 522 U.S. at 475. The court examines each federal statute below.

To plead a claim under 42 U.S.C. § 1983, Plaintiff must plead that a constitutional violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has not pleaded that Defendants acted under color of state law; he has not alleged that they are state actors or "clothed with the authority of state law." *See id.* at 49.

To plead a conspiracy to deprive Plaintiff of his rights or privileges under 42 U.S.C. § 1985(3), Plaintiff must plead that Defendants were motivated by "class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff references the Sikh community as well as his immigration status, but he does not allege that his membership in a class motivated Defendants to discriminate or conspire against him.

---

[1] Plaintiff cannot plead diversity jurisdiction because all parties are domiciled in California.

To plead a claim under Title II, Plaintiff must plead that he "(1) is a member of a protected class, (2) attempted to contract for services and afford himself or herself of the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better." *Smith v. Mitchell*, No. C06-3591 SI, 2007 WL 404789, at *3 (N.D. Cal. Feb. 2, 2007) (citing *Jackson v. Waffle House, Inc.*, 413 F.Supp.2d 1338, 1361 (N.D. Ga. 2006)). Plaintiff alleges vaguely that he was excluded from "social and economic opportunities within the community" because of Defendants' actions. FAC ¶ 29. Liberally construing the complaint, Plaintiff is referring to when he was allegedly "forced to discontinue his studies at San Francisco State University due to the hostile environment created by the defendants' relentless harassment and defamation." *Id.* at ¶ 8. However, Plaintiff has not alleged that he is a member of a protected class, that San Francisco State University is a place of public accommodation, or that he was treated less favorably than similarly situated persons who are not members of the protected class.

To plead a violation of the Wiretap Act, Plaintiff must plead that Defendants intentionally intercepted or endeavored to intercept Plaintiff's "wire, oral, or electronic communication" by capturing or redirecting the contents of the communication through "the use of any electronic, mechanical, or other device." *NovelPoster v. Javitch Canfield Grp.,* 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014) (citing 18 U.S.C. §§ 2510(4); 2511(1)(a); 2520(a)). Plaintiff has not alleged any facts to support an inference that Defendants used an electronic or mechanical device to intercept Plaintiff's communications.

To plead a violation of 18 U.S.C. § 1343, Plaintiff must plead that interstate wires were used in a "scheme[] to deprive people of traditional property interests." *Ciminelli v. United States*, 598 U.S. 306, 309 (2023). Plaintiff alleges that Defendants wrongfully took and used his "likeness and social media content," including "color combinations, imagery, and overall aesthetic of Plaintiff's online presence." FAC ¶¶ 12, 27. Plaintiff does not allege that Defendants used interstate wires or that his social media content was a traditional property interest.

In summary, Plaintiff simply pleads state law claims such as defamation and invasion of

3

privacy and inappropriately labels them with federal statutes.  He has not pleaded federal question jurisdiction.  *See Rivet*, 522 U.S. at 475.  Therefore, the court cannot exercise subject matter jurisdiction over the case.

Plaintiff was previously instructed to amend his complaint to plead federal subject matter jurisdiction.  Order 4.  He was unable to do so.  Therefore, the court dismisses Plaintiff's amended complaint without prejudice to his ability to file a lawsuit in an appropriate forum, and orders that the case be closed.

**IT IS SO ORDERED.**

Dated: October 29, 2024

DONNA M. RYU
Chief Magistrate Judge